**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

STANFORD E. ANDRESS,

      Plaintiff-Appellant,

v.

UNITED STATES POSTAL
SERVICE; CITY OF DENVER, Does
One and Two,

      Defendants-Appellees.

No. 97-1220
(Dist. of Colorado)
(D.C. No. 97-Z-121)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Stanford E. Andress, proceeding *pro se*, appeals an order of the district court dismissing his claim against the United States Postal Service ("USPS") with prejudice on the grounds of sovereign immunity.  As the basis for his action against the USPS, Andress' complaint averred that the USPS negligently failed to deliver written notice that his antique car had been seized and was subject to sale, thereby depriving Andress of the opportunity to prevent the sale.  In dismissing Andress' complaint, the district court noted that as an agency of the United States, the USPS can only be sued with Congress' explicit consent.  Dist. Ct. Order at 1.  The district court further noted that although the Federal Tort Claims Act waives sovereign immunity for certain types of negligence claims, *see* 28 U.S.C. § 1346(b), those "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter" are specifically excluded from the waiver. *Id.* § 2680(b).  Accordingly, the district court concluded that Andress' claims against the USPS were barred and had to be dismissed.  Dist Ct. Order at 2.

This court has reviewed *de novo* the parties briefs and contentions and the entire record on appeal.  We **AFFIRM** for substantially the reasons set forth in the district court's Order of Dismissal and Judgment dated April 22, 1997.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge


-2-